1  McGREGOR W. SCOTT
   United States Attorney
2  JUSTIN L. LEE
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700

5  Attorneys for Plaintiff
   United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>DAVID LYNN DEVOY,<br><br>                  Defendant. | CASE NO. 2:18-CR-00191-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: January 30, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

**STIPULATION**

1. By previous order, this matter was set for status on January 30, 2020.

2. By this stipulation, the defendant now moves to continue the status conference until May 28, 2020, and to exclude time between January 30, 2020, the previously set status hearing, and May 28, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes law enforcement reports, photographs, and several hours of audio and video recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Although the indictment in this case was returned on September 20,

2018, counsel for the defendant was not appointed in this case until August 15, 2019. In November 2019, counsel for the defendant requested additional follow up discovery related to his client. The United States produced responsive discovery on December 5, 2019.

      c)     Counsel for defendant desire additional time consult with his client, review the discovery, conduct defense investigation, and otherwise prepare for trial.

      d)     Counsel for defendant believe that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e)     The government does not object to the continuance.

      f)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 30, 2020, to May 28, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 9, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ JUSTIN L. LEE
JUSTIN L. LEE
Assistant United States Attorney

Dated: January 9, 2020

/s/ MICHAEL CHASTAINE
MICHAEL CHASTAINE
Counsel for Defendant
David Lynn Devoy

**ORDER**

IT IS SO ORDERED.

Dated: January 15, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE