McGREGOR W. SCOTT
United States Attorney
JUSTIN L. LEE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00191-MCE |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| DAVID LYNN DEVOY, | DATE: December 17, 2020 |
| Defendant. | TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

**STIPULATION**

1.  By previous order, this matter was set for status on December 17, 2020.

2.  By this stipulation, the defendant now moves to continue the status conference until March 18, 2021, and to exclude time between December 17, 2020, the previously set status hearing, and March 18, 2021, under Local Code T4.

3.  The parties agree and stipulate, and request that the Court find the following:

    a)  The government has represented that the discovery associated with this case includes law enforcement reports, photographs, and several hours of audio and video recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

///

      b)     Although the indictment in this case was returned on September 20, 2018, counsel for the defendant was not appointed in this case until August 15, 2019. In November 2019, counsel for the defendant requested additional follow up discovery related to his client. The United States produced responsive discovery on December 5, 2019.

      c)     Counsel for defendant desire additional time consult with his client, review the discovery, conduct defense investigation, and otherwise prepare for trial. Counsel's ability to meet with his client and conduct defense investigation has been slowed by the on-going COVID-19 pandemic.

      d)     Counsel for defendant believe that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e)     The government does not object to the continuance.

      f)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 17, 2020, to March 18, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: December 14, 2020                McGREGOR W. SCOTT
                                        United States Attorney

                                        /s/ JUSTIN L. LEE
                                        JUSTIN L. LEE
                                        Assistant United States Attorney


Dated: December 14, 2020                /s/ MICHAEL CHASTAINE
                                        MICHAEL CHASTAINE
                                        Counsel for Defendant
                                        David Lynn Devoy

## FINDINGS AND ORDER

IT IS SO ORDERED.

Dated: December 15, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE